IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY SHELLEY, | : |
| Petitioner, | : |
| v. | : Civil Action No. 18-1035-RGA |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondent. | : |

## MEMORANDUM

### I. BACKGROUND

In April 1998, while he was incarcerated in Pennsylvania, Petitioner Leroy Shelley ("Petitioner") was indicted in Delaware on charges of robbery and related charges. *See Shelley v. Filino*, 2013 WL 6092806, at *1 (D. Del. Nov. 18, 2013). On November 7, 2007, a Delaware Superior Court jury convicted Petitioner, *inter alia*, of two counts of first degree robbery and two counts of possession of a firearm during the commission of a felony. The Delaware Superior Court sentenced him to a total of twenty-four and one-half years at Level V, to be suspended after serving eighteen and one-half years for decreasing levels of supervision. Petitioner did not file a direct appeal. *Id.*

In February 2012, the Honorable Gregory M. Sleet denied as time-barred Petitioner's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Shelley v. Att'y Gen of Del.*, 2012 WL 379907, at *5 (D. Del. Jan. 31, 2012). Thereafter, in October 2012, Petitioner

1

filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the court dismissed for lack of jurisdiction because it constituted an unauthorized second or successive petition. *See Shelley*, 2013 WL 6092806 at *2.

In June 2015, Petitioner filed documents challenging his 2007 conviction on the basis that his 1998 indictment and his 2007 re-indictment were defective. *See Shelley v. Wharton*, 2015 WL 6871402, at *1 (D. Del. Nov. 4, 2015). He also contended that the Delaware Superior Court erred in denying his most recent Rule 61 motion as time-barred in *State v. Shelley*, 2014 WL 5713236 (Del. Super. Ct. Oct. 27, 2014). *Id.* Construing the documents to be requests for habeas relief, the court denied the requests after determining that they constituted an unauthorized second or successive habeas petition. *Id.* at *1-*2.

In August 2017, Petitioner filed a document titled "Writ of Prohibition – Petition for Extraordinary Writ," asserting that the Delaware Superior Court lacked jurisdiction to convict him because (1) the statute of limitations had expired, and (2) the 2007 re-indictment was defective on its face. (*See* D.I. 1 in *Shelley v. Wharton*, Civ. A. No. 17-1245-GMS) After determining that the document constituted an unauthorized second or successive habeas petition, the court dismissed it for lack of jurisdiction. (*See* D.I. 3 and D.I. 4 1 in *Shelley v. Wharton*, Civ. A. No. 17-1245-GMS)

Presently pending before the Court is Petitioner's most recent Petition for a Writ of Habeas Corpus ("Petition"). (D.I. 1) Petitioner contends that he is entitled to habeas relief because (1) his re-indictment in 2007 violated Delaware law and deprived the Delaware Superior Court of jurisdiction over his proceeding; (2) the State violated the Interstate Agreement on Detainers; and (3) the mandatory portion of his sentences for PFDCF are illegal because he

committed the crimes in 1997 before the Delaware General Assembly enacted the statute making a PFDCF sentence mandatory in 2001. (D.I. 1 at 1-5)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

After reviewing the record, the Court concludes that Petitioner has filed another second or successive habeas petition under 28 U.S.C. § 2244.[1] The denial of Petitioner's first petition was an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant Petition challenges the same 2007 convictions and asserts claims that either were or could have

---

[1] Petitioner's attempt to avoid the second or successive bar by asking the Court to let him proceed under 28 U.S.C. § 2241 or 28 U.S.C. § 2255 is unavailing. Petitioner is a state prisoner, and § 2255 is reserved for prisoners in federal custody seeking to vacate, set aside, or correct their sentences. In turn, although both § 2241 and § 2254 authorize Petitioner's "challenge to the legality of his continued state custody, [] with respect to habeas petitions filed by state prisoners [], Congress has restricted the availability of second and successive petitions through Section 2244(b)." *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001). Allowing Petitioner to proceed under § 2241 would circumvent this restriction and thwart Congressional intent. *Id.* at 485.

been asserted in his first petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18. Petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. §§ 2244(b)(2)(B) & (3). Given these circumstances, the Court lacks jurisdiction to consider the instant Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

The Court further concludes that it would not be in the interest of justice to transfer this case to the Court of Appeals for the Third Circuit. Nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Petition will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. Given this holding, the Court will dismiss as moot Petitioner's request for bail pending the Court's resolution of the instant proceeding. (D.I. 1 at 5) The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order will be entered.

Dated: September 20, 2018

UNITED STATES DISTRICT JUDGE